

## Office of the Attorney General
### State of Texas
April 26, 1993

**DAN MORALES**
ATTORNEY GENERAL

Mr. Marvin J. Titzman
Executive Director
Texas Surplus Property Agency
P.O. Box 8120
San Antonio, Texas 78208-0120

Opinion No. DM-217

Re: Whether an entity or institution that owes service and handling charges and fees to the Texas Surplus Property Agency is "indebted to the state" for purposes of section 403.055 of the Government Code, and related questions (RQ-514)

Dear Mr. Titzman:

On behalf of the Texas Surplus Property Agency (the "agency"), you have asked us to consider whether the agency may use section 403.055 of the Government Code to collect service charges and fees owed to it. Pursuant to the agency's enabling statute, V.T.C.S. article 6252-6b, the agency is authorized to acquire from the federal government any surplus property allocated to the agency, to warehouse the property, and, ultimately, to distribute the property to entities and institutions qualified under the Federal Property and Administrative Services Act of 1949, 40 U.S.C. section 471 through 544. V.T.C.S. art. 6252-6b, § 4(a), (b). Additionally, the enabling statute authorizes the agency to impose upon the entity or institution receiving the property a service and handling charge or fee to cover the agency's costs of acquiring, warehousing, distributing, or transferring the property. *Id.* § 4(*l*); 1 T.A.C. § 143.1 (adopting by reference rules contained in Texas Plan of Operation); Texas Plan of Operation pt. V, at 14; *see id.* at 14 - 15 (describing how agency sets service charge). The agency is to deposit the charges and fees it collects into a special fund in the state treasury called "the surplus property service charge fund" (the "fund"). V.T.C.S. art. 6252-6b, § 4(m); 1 T.A.C. § 143.1; Texas Plan of Operation pt. V, at 16, 17 (discussing use of Service Charge Trust Fund). The agency may use money in the fund only to carry out the agency's statutory functions. V.T.C.S. art. 6252-6b, § 4(m).

You advise that some of the entities and institutions to which you have transferred surplus property have not paid the service and handling charges or fees that they owe. You ask, therefore, whether the agency, pursuant to section 403.055 of the Government Code, may request the comptroller to withhold warrants to the entities or institutions whose accounts are in arrears. Section 403.055 states in pertinent part as follows:

> (a) The comptroller may not issue a warrant to a person[1] if the person is indebted . . . to the state . . . , until the debt . . . [is] paid.
>
>     . . . .

---

[1]The Code Construction Act of the Government Code chapter 311, defines "person" to include a corporation, organization, government or governmental subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity. Gov't Code § 311.005(2).

(c) This section does not prohibit the comptroller from issuing a warrant to pay the compensation[2] of a state officer or employee.[3]

(d) When this section prohibits the comptroller from issuing a warrant, the comptroller is also prohibited from using an electronic funds transfer system. [Footnotes added.]

In construing the statutory predecessor to section 403.055(a) of the Government Code, V.T.C.S. article 4350, this office stated that the language of the section assumes "the existence and the establishment of a debt." Letter Advisory No. 57 (1973) at 1. Thus, the comptroller properly may refuse to issue a warrant only if "a debt [has been] established either by *agreement* between the state and the debtor; by the state's proper allegation of the existence of a debt by *statutory reference*; or by some other *lawfully effective means*." (Emphasis in original.) Attorney General Opinion MW-416 (1981) at 2-3; Letter Advisory No. 57 at 4. The comptroller lacks authority to withhold warrants under section 403.055(a) of the Government Code if no debt exists in the usual and ordinary sense of the word. Attorney General Opinion MW-416 at 3.

As stated above, article 6252-6b, section 4(*l*), V.T.C.S., authorizes the agency to impose upon a recipient of agency goods a service and handling charge or fee. Failure to pay the charge or fee creates a debt. *See* BLACK'S LAW DICTIONARY 363 (5th ed. 1979) (defining "debt"). The issue becomes, therefore, whether a person that fails to pay the service and handling charge or fee to the agency is indebted to the *state* for purposes of section 403.055 of the Government Code. Because the agency is a subdivision of the state, we conclude that a person indebted to the agency is likewise indebted to the state. Consequently, the agency, pursuant to section 403.055 of the Government Code, may request the comptroller to withhold warrants to a person indebted to the agency, and the comptroller is authorized to withhold the warrants, provided that the agency properly has alleged the statutory basis of the debt—here, article 6252-6b, section 4(*l*), V.T.C.S. *See* Letter Advisory No. 57 (1973) at 4.[4]

You also ask whether the comptroller is authorized to withhold any warrant that is payable to any individual identified and certified as the principal officer or responsible employee of the entity or institution that is indebted to the agency. To answer your question, we would have to determine who, in each particular entity or institution, is legally responsible for the debts of the entity or institution. Such a determination requires

---

[2]For purposes of section 403.055 of the Government Code, "compensation" includes wages, salaries, longevity pay, hazardous duty pay, and emoluments that are provided in lieu of wages or salaries, but the term does not include expense reimbursements. Gov't Code § 403.055(f)(1).

[3]Section 403.055(f)(3) of the Government Code defines "state officer or employee" as an officer or employee of a state agency.

[4]Additionally, we understand that the agency's request to the comptroller's office must be written.

the resolution of facts and is therefore outside the scope of the opinion process. We note in reference to your question, however, that while section 403.055(a) expressly prohibits the comptroller from issuing a warrant to a person that is indebted to the state, subsection (c) expressly authorizes the comptroller to issue a warrant to pay a state officer's or state employee's compensation.

## S U M M A R Y

The Texas Surplus Property Agency, pursuant to section 403.055 of the Government Code, may request the comptroller to withhold warrants to an entity or institution that has failed to pay the agency accrued service and handling charges and fees. Thus, provided that the agency properly alleges to the comptroller the statutory basis of the debt, the comptroller is authorized to withhold such warrants. Whether the comptroller is authorized to withhold any warrant that is payable to an individual identified and certified as the principal officer or responsible employee of the entity or institution that is indebted to the agency is a question involving the resolution of facts; it is therefore outside the scope of the opinion process.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General